UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------x
                               :
WILLIAM MULREADY, SERENA       :
MULREADY, BRITT MULREADY,      :
K.M.,                          :
                               :
     Plaintiffs,               :
                               :
v.                             :   Civil No. 3:06CV00934(AWT)
                               :
CAROL MULREADY, STATE OF       :
CONNECTICUT JUDICIAL BRANCH    :
SUPPORT ENFORCEMENT,           :
ATTORNEY GENERAL'S OFFICE,     :
LEIGH JULIAN, MARGARET         :
HOLLON, GEORGE S. SZYDLOWSKI,  :
ROBERT A. NAGY,                :
                               :
     Defendants.               :
                               :
-------------------------------x
```

**ORDER RE DEFENDANT HOLLON'S SUPPLEMENTAL MOTION TO DISMISS**

Defendant Margaret Hollon moves to dismiss the action as to plaintiffs Serena Mulready, Britt Mulready, and K.M., the children of William Mulready. The motion is being granted, for three reasons.

First, Fed. R. Civ. P. 17(c) provides for representation of a minor by representatives such as a general guardian, a next friend or guardian ad litem. Only individuals with capacity to sue in state court may sue on their own behalf in federal court. See Fed. R. Civ. P. 17(b). In Connecticut, a "minor" or "infant" is a person under eighteen years of age. Conn. Gen. Stat. § 1-1d. "[A] minor may bring suit only through a guardian or next friend." Shockley v. Okeke, 92 Conn. App. 76, 81 (2005). The court notes that only one

of the children named as a plaintiff is a minor under Connecticut law. William Mulready cannot represent either of the other two children absent a showing that the child is incompetent. See Schuppin v. Unification Church, 435 F.Supp. 603, 606 (D. Vt. 1977) (parents did not have standing to bring suit on behalf of adult child).

Parents typically serve as guardians for purposes of suit pursuant to Fed. R. Civ. P. 17(c). See, e.g., Caban v. 600 E. 21st Street Co., et al., 200 F.R.D. 176, 179 (E.D.N.Y. 2001) ("natural guardian has the right to sue on behalf of her child" and mother sued as natural guardian). In this case, it appears that William Mulready and Carol Mulready have joint custody of minor child K.M. (see Memorandum of Law in Support of Motion to Dismiss (Doc. No. 30), at Ex. A), although Carol Mulready has physical custody of the child. Connecticut law provides that "joint custody" refers to "an order awarding legal custody of the minor child to both parents, providing for joint decision-making by the parents . . . ." Conn. Gen. Stat. § 46b-56a. Such decisions may include, as here, the decision that a child be a plaintiff in a federal lawsuit. In this case, because one parent is attempting to bring suit on behalf of a child against the other parent, the situation is more complicated. In A.N. and D.N. v. Williams and Norris, No. 8:05-CV-1929-T-MSS, 2005 WL 3003730, at *3 (M.D. Fl. Nov. 9, 2005), the court determined that a mother "lack[ed] prudential standing to bring this action on behalf of her children and against their father." The parents had

entered into a Marital Settlement Agreement, whereby they agreed to "participate together in the making of major decisions affecting the children's health, welfare, education and development and making decisions together regarding their future." Id. The court determined that this agreement precluded the mother from "unilaterally initiat[ing] litigation on behalf of her children without their father's participation." Id. The court based its decision in part on the analysis in Elk Grove Unified School Dist. v. Newdow, 542 U.S. 1, 17 (2004), observing that "this lawsuit could have an adverse effect on the children . . . given the divergent views of the parents." Id. In Elk Grove, the parents had joint legal custody of the child, but the mother maintained ultimate decision-making authority in the event of a disagreement. The Court found that the father lacked prudential standing to bring suit on behalf of their daughter, based in part on Court's "view [that] it is improper for the federal courts to entertain a claim by a plaintiff whose standing to sue is founded on family law rights that are in dispute when prosecution of the lawsuit may have an adverse effect on the person who is the source of the plaintiff's claimed standing." 542 U.S. at 17. William Mulready does not have the consent of Carol Mulready to initiate this suit on behalf of minor child K.M. and cannot unilaterally initiate suit on the child's behalf. Also, applying the rationale in Elk Grove, it is clear that the child could suffer an adverse effect as a result of this suit, especially as his mother, who has physical custody of the child, is

named as a defendant and William Mulready seeks to avoid making court-ordered child support payments.

Second, "[i]t is . . . a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action pro se in federal court on behalf of his or her child." Tindall v. Poultney High School Dist., 414 F.3d 281, 284 (2d Cir. 2005). However, "the rule that a parent may not represent her child should be applied gingerly." Id. at 285. For example, "[w]here a district court, after appropriate inquiry into the particular circumstances of the matter at hand, determines that a non-attorney parent who brings an SSI appeal on behalf of his or her children has a sufficient interest in the case and meets basic standards of competence, we hold that in such cases a non-attorney parent may bring an action on behalf of his or her child without representation by an attorney." Machadio v. Apfel, 276 F.3d 103, 107 (2d Cir. 2002). It does not appear that William Mulready has sufficient interest in K.M.'s case to represent him. Rather, it appears that William Mulready's interests appear adverse to K.M.'s, as he is challenging court orders requiring that he pay child support.

While a "district court may appoint counsel to represent a minor whose parent or grandparent has commenced a pro se action on his or her behalf", an appointment of counsel is inappropriate here. Fayemi v. Bureau of Immigration and Custom Enforcement, No. CV-04-1935(DGT), 2004 WL 1161532, at *2 (E.D.N.Y. May 24, 2004). The court "must first determine whether the indigent litigant's position

4

'seems likely to be of substance.'" Id. (citation omitted). Then, the court considers the factors set forth in Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986). Id. The court also considers "'the fact that, without appointment of counsel, the case will not go forward at all.'" Id. (citation omitted). If "it is clear that no substantial claim might be brought on behalf of the minor", appointment of counsel may be denied. Id. The plaintiff has failed to show any injury suffered by K.M., and there does not appear to be any substantial claim involving K.M.

Third, the complaint does not allege any injury to the children themselves, but only to William Mulready. Each plaintiff must establish standing. The Constitution requires, at minimum:

> (1) that the plaintiff have suffered an "injury in fact"-an invasion of a judicially cognizable interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) that there be a causal connection between the injury and the conduct complained of- the injury must be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and (3) that it be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. Bennett v. Spear, 520 U.S. 154, 167 (1997).

Furthermore, the burden of establishing that there is standing rests on the "party who seeks the exercise of jurisdiction in his favor." FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990) (internal citations omitted). A plaintiff must "allege . . . facts essential to show jurisdiction. If [he] fai[ls] to make the necessary allegations, [he has] no standing." Id. at 231 (internal citations

5

omitted). Because the factual allegations in the complaint fail to establish standing on part of K.M., William Mulready cannot sue on his behalf.

Accordingly, Defendant Hollon's Supplemental Motion to Dismiss as to Plaintiffs Serena and Britt Mulready and K.M. Pursuant to Rule 12(b)(2), Federal Rules of Civil Procedure (Doc. No. 31) is hereby GRANTED.

The Clerk shall terminate Serena Mulready, Britt Mulready, and K.M. as plaintiffs.

It is so ordered.

Dated this 16th day of June 2007 at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge