```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


-------------------------------x
                               :
WILLIAM MULREADY, SERENA       :
MULREADY, BRITT MULREADY,      :
K.M.,                          :
                               :
     Plaintiffs,               :
                               :
v.                             :    Civil No. 3:06CV00934(AWT)
                               :
CAROL MULREADY, STATE OF       :
CONNECTICUT JUDICIAL BRANCH    :
SUPPORT ENFORCEMENT, ATTORNEY  :
GENERAL'S OFFICE, LEIGH        :
JULIAN, MARGARET HOLLON,       :
GEORGE S. SZYDLOWSKI, ROBERT   :
A. NAGY,                       :
                               :
     Defendants.               :
                               :
-------------------------------x
```

**ORDER RE DEFENDANT HOLLON'S CONSOLIDATED MOTIONS TO DISMISS**

For the reasons set forth below, defendant Margaret Hollon's Consolidated Motions Under Rule 12 to Dismiss for Lack of Jurisdiction (12(b)(1)) and for Failure to State a Claim (12(b)(6)) is being granted.

As the basis for his claims, the plaintiff cites to a both the U.S. Constitution and federal statutes.  However, the plaintiff has not pled facts to demonstrate that Hollon is subject to suit under these statutes.  As a private attorney, Hollon is not a state actor and therefore cannot be sued under 42 U.S.C. § 1983.  See <u>Rodriguez v. Weprin</u>, 116 F.3d 62, 65-66 (2d Cir. 1997) (court-appointed attorney for defendant does not "act 'under color of state law' and [is therefore] not subject to suit under 42 U.S.C. § 1983."); <u>Del</u>

Re v. Del Re, No. 05-CV-3490(SLT), 2005 WL 1962341, at *1 (E.D.N.Y. Aug. 10, 2005) ("It is well-settled that private attorneys do not act under color of state law and are not state actors simply by virtue of their state-issued licenses to practice law."). The plaintiff does not appear to set forth any basis for a non-§ 1983 claim against Hollon.

Hollon also argues that the plaintiff's complaint should be dismissed as to her because the plaintiff has failed to state a claim. In fact, reference to Hollon is markedly absent from the factual allegations of the complaint. Even though Mulready is proceeding pro se, and the court construes his filings liberally and interprets the plaintiff's complaint "to raise the strongest arguments [it] suggest[s]" (Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)), the court concludes that, as to Hollon, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Accordingly, defendant Margaret Hollon's Consolidated Motions Under Rule 12 to Dismiss for Lack of Jurisdiction (12(b)(1)) and for Failure to State a Claim (12(b)(6)) (Doc. No. 26) is hereby GRANTED. The Clerk shall terminate Hollon as a defendant.

It is so ordered.

Dated this 16th day of June 2007 at Hartford, Connecticut.

                                        /s/AWT
                                   Alvin W. Thompson
                       United States District Judge